# Ballard Spahr LLP

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com



RECEIVED
JAN 23 2024
CHAMBERS OF
JUDGE SIDNEY H. STEIN
U.S.D.J.

Jacquelyn Schell
Tel: 646.446.8048
SchellJ@ballardspahr.com

January 22, 2024

*By Hand Delivery*

Hon. Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *U.S. v. Menendez, et al.*, Case No. 23-cr-490-SHS (S.D.N.Y.)
      Request to Intervene & Unseal

Dear Judge Stein:

I write on behalf of Gannett Satellite Information Network, LLC, doing business as the Bergen Record ("Bergen Record"). The Bergen Record joins in the requests to unseal filed by The New York Times Company (Dkt. 145) and the Inner City Press (Dkt. 125), incorporated herein by reference, and respectfully requests that the Court enter an order unsealing and un-redacting the Motion to Dismiss the Second Superseding Indictment filed by Sen. Robert Menendez on January 10, 2024 (Dkts. 120-124).

The Bergen Record makes this request pursuant to the First Amendment to the U.S. Constitution and the common law, as a representative of the press and on behalf of the public's right of access to this information. *See Globe Newspaper Co. v. Super. Ct.*, 457 U.S. 596, 609 n.25 (1982) ("...representatives of the press and general public "must be given an opportunity to be heard on the question of their exclusion." (citation omitted)).

The First Amendment and common law provide an affirmative, enforceable right of public access to criminal proceedings. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980) ("We hold that the right to attend criminal trials is implicit in the guarantees of the First Amendment[.]" (footnote omitted)); *N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 298 (2d Cir. 2012) (recognizing right of access not only to trials but to all "related proceedings and records").

This Circuit previously has held that the First Amendment and common law rights of access attach to documents, like the ones at issue here, "which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 122 (2d Cir. 2006) (quoting *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 409 (1st Cir. 1987)).

Hon. Sidney H. Stein
January 22, 2024
Page 2

Thus, these documents may only remain under seal if the Court makes specific, on-the-record findings that the party seeking closure has carried its burden of justifying the denial of public access. *See Press-Enter. Co. v. Super. Ct.*, 478 U.S. 1, 13-14 (1986) (specific, on-the-record findings required to close hearing); *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (per curiam) ("[f]inding that a document is a judicial document triggers a presumption of public access, and requires a court to make specific, rigorous findings before sealing the document or otherwise denying public access" (quoting *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 167 n.15 (2d Cir. 2013))).

The parties will not be able to make such a showing here. Sen. Menendez submitted the documents at issue in support of a dispositive motion in a criminal proceeding of great public interest and importance. He has not offered, and will not be able to offer, any compelling reason for closure that would outweigh the strong presumption access to these records. The documents should be unsealed and unredacted without further delay.

If Your Honor prefers, the Bergen Record is prepared to file a formal motion to intervene and unseal the records at issue or submit additional briefing. Thank you in advance for Your Honor's consideration of this request.

Respectfully submitted,

Jacquelyn Schell