

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

_____

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 1, 2024

**By ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

> Re:   ***United States v. Robert Menendez, et al.,***
>       **S4 23 Cr. 490 (SHS)**

Dear Judge Stein:

The Government respectfully writes in the above-captioned matter to request that the Court order the defendants to provide particularized notice by April 4, 2024 as to (1) whether, and (2) if so, on what bases, they intend to invoke at trial any affirmative defense, including that set forth in the Foreign Agents Registration Act ("FARA") for "activities not serving predominantly a foreign interest." 22 U.S.C. § 613(d). Although the Government presently expects to reach an agreed-upon schedule for the remaining outstanding pretrial deadlines, the parties have reached an impasse on this one issue. For the reasons set forth below, absent such notice meaningfully in advance of trial, there is a substantial risk of delay or disruption of the trial pending litigation and a ruling regarding the scope of the defense and/or a corresponding waiver of any otherwise-applicable protection under the Speech or Debate Clause. Indeed, absent such notice meaningfully in advance of trial, there may be multiple rounds of litigation and rulings, including during trial. Accordingly, the Government now asks the Court to direct pretrial notice on this specific issue.

I.    The Parties' Negotiations to Date Regarding Outstanding Pretrial Deadlines and
      Disclosures

The parties have conferred extensively regarding outstanding pretrial deadlines and disclosures, including disclosures from the defense, for which there are no ordered deadlines. Those discussions have been productive and have resulted in a significant narrowing of potential disputes. Although the parties have not yet reached a final agreement on all of the outstanding deadlines and related matters, the Government is hopeful that the parties will reach an acceptable compromise to present to the Court this week.

However, separate from *deadlines* for defense disclosures, the parties have reached an impasse regarding the *scope* of defense disclosures. Specifically, the Government has requested that the defendants provide notice of any affirmative defenses that they may seek to invoke at trial, including, as is relevant to the two foreign agent charges, for "activities not serving predominantly

Honorable Sidney H. Stein
April 1, 2024
Page 2

a foreign interest," 22 U.S.C. § 613(d). The defendants have declined to provide notice of this affirmative defense, or of any other affirmative defense (apart from advice-of-counsel) that is not expressly listed in Federal Rules of Criminal Procedure 12.1 through 12.3. Given the importance of this issue, the Government now seeks an order from this Court requiring the defendants to provide particularized notice of any affirmative defenses on or before this Thursday, April 4, 2024, which is three days after the date on which the defendants have agreed to provide notice of those affirmative defenses listed in Rules 12.1 through 12.3 and advice-of-counsel.

II.    Applicable Law

A.    Affirmative Defenses Under FARA

As the Court is aware, Count Fourteen of the operative Superseding Indictment charges Robert Menendez, Nadine Menendez, and Wael Hana with conspiring for Robert Menendez to act as an agent of a foreign principal required to register under FARA, in violation of 18 U.S.C. § 371, and Count Fifteen charges Robert Menendez with acting as such an agent required to register under FARA, in violation of 18 U.S.C. §§ 219 and 2.

As is relevant here, FARA exempts certain persons otherwise subject to its registration requirements, including lawyers acting as such, an official of a foreign government who is not a citizen of the United States, and "[a]ny person engaging or agreeing to engage only (1) in private and nonpolitical activities in furtherance of the bona fide trade or commerce of such foreign principal; or (2) in other activities not serving predominantly a foreign interest." 22 U.S.C. § 613(b), (d), (g). The pertinent regulations, which have the force of law, provide that "[t]he burden of establishing the availability of an exemption from registration under the Act shall rest upon the person for whose benefit the exemption is claimed." 28 C.F.R. § 5.300; *see Att'y Gen. of U.S. v. Irish N. Aid Comm.*, 530 F. Supp. 241, 255 (S.D.N.Y. 1981), *aff'd*, 668 F.2d 159 (2d Cir. 1982); *see generally Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84, 91-92 (2008) (applying the "familiar principle that when a proviso carves an exception out of the body of a statute or contract those who set up such exception must prove it," and explaining "[t]hat longstanding convention is part of the backdrop against which the Congress writes laws, and we respect it unless we have compelling reasons to think that Congress meant to put the burden of persuasion on the other side" (internal quotation marks and citation omitted; alterations and ellipsis incorporated)); *Schaffer v. Weast*, 546 U.S. 49, 57-58 (2005) ("Absent some reason to believe that Congress intended otherwise, therefore, we will conclude that the burden of persuasion lies where it usually falls, upon the party seeking relief."); *cf. United States v. Rafiekian*, 991 F.3d 529, 544 (4th Cir. 2021) (holding the "legal commercial transaction" exception under a different foreign agent statute, 18 U.S.C. § 951, provides for "an affirmative defense—which must be raised first, if at all, by a defendant"); *United States v. Duran*, No. 07 Cr. 20999, 2008 WL 11333989, at *2 (S.D. Fla. Oct. 10, 2008) (same).

Honorable Sidney H. Stein
April 1, 2024
Page 3

B.      Notice of Affirmative Defenses – Generally

Preliminary questions concerning the admissibility of evidence, including whether evidence is relevant or a privilege exists, are to be determined by the Court. Fed. R. Evid. 104(a). The Court has discretion to order a hearing to assist it in resolving such questions. *See* Fed. R. Evid. 104(c)(3) (the court "must conduct a[] hearing" when "justice so requires"). The Court's authority to resolve such questions is rooted in its "inherent authority to manage the course of trials." *United States v. Valencia*, 826 F.2d 169, 171 (2d Cir. 1987) (internal quotation marks and citation omitted). At such a hearing, the proponent of evidence bears the burden of demonstrating its admissibility by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *see also United States v. Brooks*, No. 08 Cr. 35 (PKL), 2008 WL 2332371, at *1 (S.D.N.Y. June 4, 2008) ("As the proponent of the proposed testimony, defendant has the burden of establishing admissibility by a preponderance of the evidence."); *United States v. Sabir*, No. S4 05 Cr. 673 (LAP), 2007 WL 1373184, at *6 (S.D.N.Y. May 10, 2007) (the "burden of showing that proffered testimony is offered to negate the *mens rea* element of a crime and not in support of some improper defense theory falls squarely on the defendant" (internal quotation marks and citation omitted)); *United States v. Camacho*, 353 F. Supp. 2d 524, 536 (S.D.N.Y. 2005) ("defendants as proponents of the evidence bear the burden of [admissibility]").

Such a preliminary hearing may be ordered to determine the propriety or scope of a proffered defense. *See, e.g.*, *United States v. Paul*, 110 F.3d 869, 871 (2d Cir. 1997) ("[I]t is appropriate for a court to hold a pretrial evidentiary hearing to determine whether a defense fails as a matter of law."). "If, after the hearing, the court finds that the defendant's evidence is insufficient as a matter of law to establish the defense, the court is under no duty to give the requested jury charge or to allow the defendant to present the evidence to the jury." *Id.* This is so for good reason: "no proper interest of the defendant would be served by permitting his legally insufficient evidence to be aired at trial, and interests of judicial economy suggest that the jury should not be burdened with the matter." *United States v. Villegas*, 899 F.2d 1324, 1343 (2d Cir. 1990); *see also* Fed. R. Evid. 103(d) ("To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means.").

To determine whether a defendant's proffered evidence or defense is proper, and whether its presentation results in a waiver of otherwise applicable protections over additional information or material, courts frequently order particularized pretrial notice of and reciprocal discovery concerning affirmative defenses beyond those expressly listed in Rules 12.1 through 12.3—most commonly advice-of-counsel, but also others such as duress—and, to the extent warranted, follow notice with a hearing or argument, before trial. *See, e.g.*, *United States v. Bakhtiari*, 913 F.2d 1053, 1057 (2d Cir. 1990); *United States v. Fishbein*, No. S1 21 Cr. 296 (PAC), 2023 WL 2734428, at *4 (S.D.N.Y. Mar. 31, 2023); *United States v. Scali*, No. 16 Cr. 466 (NSR), 2018 WL 461441, at *8 (S.D.N.Y. Jan. 18, 2018), *aff'd* 820 F. App'x 23 (2d Cir. 2020); *United States v. Crowder*, 325 F. Supp. 3d 131, 138 (D.D.C. 2018); *United States v. Hatfield*, No. 06 Cr. 550 (JS), 2010 WL 183522, at *13 (E.D.N.Y. Jan. 8, 2010); *see also United States v. Ash*, No. 19 Cr. 780 (LAK) (S.D.N.Y. Nov. 15, 2021) (Dkt. 105); *United States v. Percoco*, No. 16 Cr. 776 (VEC) (S.D.N.Y. Nov. 2, 2017) (Dkt. 351).

Honorable Sidney H. Stein
April 1, 2024
Page 4

III.    <u>Discussion</u>

The Court should order the defendants to provide particularized notice on or before April 4, 2024, as to (1) whether, and (2) if so, on what bases, they intend to invoke at trial any affirmative defense, including, in particular, that in FARA for "activities not serving predominantly a foreign interest," 22 U.S.C. § 613(d), for multiple reasons.

*First*, not all evidence that Robert Menendez, or any other defendant, might seek to present in support of such a hypothetical defense would be proper or admissible. As with any other matter involving knowledge or intent, a defendant could not properly seek to make out the defense by, for example, offering evidence that, in hindsight, the charged actions turned out to be in the interest of the United States or otherwise good policy. *See, e.g., City of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 378 (1991) (a defendant may be "guilty of accepting a bribe even if he would and should have taken, in the public interest, the same action for which the bribe was paid"); *United States v. Skelos*, No. S1 15 Cr. 317 (KMW), 2016 WL 1532253, at *6 (S.D.N.Y. Apr. 14, 2016) (not a defense to bribery that charged actions allegedly "were consistent with 'the best interest of [defendant's] constituency and the citizens of New York State'"), *vacated on other grounds*, 707 F. App'x 733 (2d Cir. 2017). Nor could a defendant properly seek to make out the defense by pointing to purportedly similar actions of others without a connection to the pertinent defendant's *contemporaneous* knowledge and intent. *Cf. United States v. Berg*, 710 F. Supp. 438, 445 (E.D.N.Y. 1989) (testimony concerning the "custom of other arms dealers in complying with arms export laws" precluded on the ground that such evidence was irrelevant to the state of mind of defendants), *aff'd in part, rev'd in part on other grounds sub nom. United States v. Schwartz*, 924 F.2d 410 (2d Cir. 1991); *see also, e.g., United States v. Kaplan*, 490 F.3d 110, 122 (2d Cir. 2007) (holding district court erred in admitting evidence of one person's knowledge to show defendant's knowledge without evidence that defendant was aware of the same information, expressing doubt that evidence was relevant, and explaining that, in any event, it should have been precluded under Rule 403 because it "required [the jury] to draw a series of inferences, unsupported by other evidence," yet was offered on "the ultimate issue in the case"); *United States v. Oldbear*, 568 F.3d 814, 821 (10th Cir. 2009) (affirming preclusion of evidence in embezzlement case as to how persons other than defendant used funds because "only [the defendant's] actions and state of mind were material to her guilt"). Without pretrial notice, it would be far more difficult for the Court to police this critical evidentiary line, or to prevent the jury from hearing arguments, including in opening statements, that are confusing or improper.

*Second*, to seek to make out the defense, Robert Menendez or another defendant might seek to introduce evidence, whether in the form of documents or testimony, otherwise theoretically or actually subject to protection under the Speech or Debate Clause. Notably, Robert Menendez has *already* suggested—including in legal filings—that he may seek to do so with respect to multiple matters. (*See* Gov't Omnibus Mem. of Law in Opp. to Defs. Mots. Directed to the S2 Indictment (Dkt. 180) at 41 n.11 & 44 n.12.) However, Speech or Debate protection, like any other privilege or protection, is waived by a defendant's choice to present evidence. *See, e.g., U.S. Football League v. Nat'l Football League*, No. 84 Civ. 7484 (PKL), 1986 WL 6341, at *4 (S.D.N.Y. May 30, 1986) ("The Senator's willingness to be a witness in this action is a clear waiver of any testimonial privilege he may enjoy under the Speech and Debate Clause."), *aff'd*, 842 F.2d 1335 (2d Cir. 1988). Accordingly, to the extent that Robert Menendez seeks to introduce, or countenance another defendant seeking to introduce, at trial evidence of acts that he otherwise could reasonably assert were protected, the Government would be entitled to respond with

Honorable Sidney H. Stein
April 1, 2024
Page 5

evidence concerning the same acts or to cross-examine him or any other witness through whom such evidence is introduced, without regard to the Speech or Debate Clause. *See United States v. Myers*, 635 F.2d 932, 942 (2d Cir. 1980) ("The protection against being 'questioned' outside of Congress prevents the use of legislative acts against a Member. It does not prevent him from offering such acts in his own defense, even though he thereby subjects himself to cross-examination."); *United States v. Renzi*, 769 F.3d 731, 747 (9th Cir. 2014) ("We agree with the Second, Third, and D.C. Circuits. We hold that, if a member of Congress offers evidence of his own legislative acts at trial, the government is entitled to introduce rebuttal evidence narrowly confined to the same legislative acts, and such rebuttal evidence does not constitute questioning the member of Congress in violation of the Clause." (citing *Myers*; *United States v. Rostenkowski*, 59 F.3d 1291, 1303 (D.C. Cir. 1995); and *United States v. McDade*, 28 F.3d 283, 294-95 (3d Cir. 1994)).

This principle—that the holder of a protection or privilege may not use it as both a shield and a sword—is neither novel nor unique to the Speech or Debate Clause. *See, e.g.*, *United States v. Rylander*, 460 U.S. 752, 758 (1983) ("We think the view of the Court of Appeals would convert the privilege from the shield against compulsory self-incrimination which it was intended to be into a sword whereby a claimant asserting the privilege would be freed from adducing proof in support of a burden which would otherwise have been his. None of our cases support this view."). Without adequate pretrial notice, reciprocal discovery, and, if warranted, a hearing, the Court would not be able to make a pretrial ruling regarding waiver, and litigation regarding the scope of it would likely disrupt or delay trial.

The risk of delay or disruption is particularly heightened because Robert Menendez has withheld or redacted multiple materials in response to subpoenas or search warrants, on the ground that they allegedly fall within the Speech or Debate Clause. Depending on the scope of what Robert Menendez seeks to introduce through documents or testimony, or countenances another defendant seeking to introduce, including through cross-examination of witnesses, the Government might be entitled to some or all of those materials. *See generally In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000) ("[A] party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party."). It would be exceedingly difficult, if not impossible, for the Government to come to a reasoned view as to its position regarding the scope of waiver, and, if Robert Menendez were to object, for the Court to rule on the objection, on the spur of the moment, particularly because the Court may wish to review the materials *in camera* before ruling.

Moreover, regardless of whether the Government may be entitled to review and seek to use materials that Robert Menendez has asserted should be withheld or redacted, depending on the scope of evidence presented, the Government might seek to obtain additional materials from the Senate that might otherwise be protected or withheld absent waiver. But the Senate is a separate branch of the federal government, and the process to seek and obtain legislative materials takes time—thus further heightening the likelihood of a material delay or disruption of the trial, lest the jury be left with a misimpression about relevant events.

*Finally*, although there is a more than sufficient basis for the Court to order notice in any event, Federal Rule of Criminal Procedure 12.3 also militates in favor of such an order. Rule 12.3 provides in pertinent part: "If a defendant intends to assert a defense of actual or believed exercise

Honorable Sidney H. Stein
April 1, 2024
Page 6

of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the alleged offense, the defendant must so notify an attorney for the government in writing[.]"  Although the Senate Foreign Relations Committee is not a "law enforcement agency or federal intelligence agency," a defense that an action purportedly was believed to be in the interest of the United States because it was supposedly undertaken in the course of the Chairman or Ranking Member of that Committee's work is analogous.  Indeed, Robert Menendez has repeatedly made similar arguments about his actions in the course of litigating this case. (*See, e.g.*, Robert Menendez Mem. in Support of Mot. to Dismiss the S2 Indictment (Dkt. 120) at 7 ("Urging federal officials to 'engage' on a sensitive foreign relations issue is precisely what a Senator on the Foreign Relations Committee should be doing.").)  Rule 12.3 exists precisely to ensure that where a defendant seeks to cloak or defend his actions as undertaken in the service of a governmental entity's proper mission, the Government has time to obtain information or materials necessary to rebut that defense. *Cf. United States v. Abcasis*, 785 F. Supp. 1113, 1117 (E.D.N.Y. 1992) ("In the absence of notice, the government might have difficulty rebutting that testimony.  Thus, the unfair surprise to the government would be significant."); *see generally Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) ("[T]he accused, as is required of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence."); *Williams v. Florida*, 399 U.S. 78, 82 (1970) ("The adversary system of trial is hardly an end in itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played."); *see also id.* (the "search for truth" is enhanced by "both the defendant and the State [having] ample opportunity to investigate certain facts crucial to the determination of guilt or innocence").  So too here.

IV.   <u>Conclusion</u>

For the reasons set forth above, the Court should order the defendants to provide on or before April 4, 2024 particularized notice as to (1) whether, and (2) if so, on what bases, they intend to invoke at trial any affirmative defense, including for "activities not serving predominantly a foreign interest," 22 U.S.C. § 613(d).

Honorable Sidney H. Stein
April 1, 2024
Page 7

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:    s/ Daniel C. Richenthal
       Eli J. Mark
       Paul M. Monteleoni
       Lara Pomerantz
       Daniel C. Richenthal
       Assistant United States Attorneys
       (212) 637-2431/2219/2343/2109

       MATTHEW G. OLSON
       Assistant Attorney General
       National Security Division

By:    s/ Christina A. Clark
       Christina A. Clark
       Trial Attorney
       (202) 307-5191

cc:    (by ECF)

       Counsel of Record