

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 10, 2024

**By ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Robert Menendez, et al.*,
             S4 23 Cr. 490 (SHS)

Dear Judge Stein:

      The Government respectfully writes in the above-captioned matter in response to the letter motion of defendant Nadine Menendez filed yesterday afternoon (Dkt. 300), asking for trial to be adjourned as to her from May 6, 2024, *sine die*, and a status conference scheduled in eight weeks, *i.e.*, June 4, 2024. For the reasons set forth below, based on the particular facts and circumstances of this case, and in light of the medical information contained in Nadine Menendez's letter and the sealed declaration in support, the Government does not object to Nadine Menendez's request to adjourn the trial and for a status conference to be scheduled for early June.[1] However, the Government requests that, rather than adjourn the trial *sine die*, the Court instead adjourn the trial as to all defendants until a date certain in or about July or August. Alternatively, the Court could schedule the trial for a date in July and also set a backup date for August, to provide additional scheduling flexibility and avoid the introduction of any scheduling conflicts that might arise between now and the June conference. At the conference in June, the Court, after receiving updated information, could then determine whether to proceed to trial with all defendants or sever Nadine Menendez from the other defendants and proceed to trial against the co-defendants. Should the Court decline to adopt this proposal, the Government is prepared to proceed on May 6.

      The Government further requests that, if the trial is adjourned, all court-ordered deadlines regarding notices, motions, and the Classified Information Procedures Act ("CIPA") nevertheless remain in place and that all parties continue to make all remaining disclosures and file related motions (*e.g.*, expert notices and expert-related motions), except for those specific disclosures tied to the trial date and appropriately made only soon before or during trial (*i.e.*, trial exhibits, witness

---

[1] Given the contents of that declaration, the Government does not object to it being filed and maintained under seal at this time. For the same reason, the Government refers in only general terms in this letter to the contents of that declaration.

Honorable Sidney H. Stein
April 10, 2024
Page 2

lists, and witness statements, by both sides). Keeping such deadlines in place will ensure that trial can proceed as rescheduled.

As the Court is aware, defendant Robert Menendez, on behalf of all defendants, previously sought an adjournment of trial "by at least two months," *i.e.*, from early May to at least early July. (Dkt. 105 at 1.) Last month, following the filing of the S4 Superseding Indictment, defendant Wael Hana, on behalf of all defendants, stated that the May trial date "does not allow sufficient time to prepare for trial" and requested that the Court adjourn that date and "set a realistic schedule for a prompt, but fair, resolution of this matter." (Dkt. 240.) The Court denied the defendants' requested adjournments. (Dkts. 112, 247.) The Government believes that the Court's denials of the defendants' prior adjournment requests were appropriate based on the record at those times.

The Government also takes seriously the unexpected medical development described in the sealed declaration. However, the Government does not believe that—at least at this time—Nadine Menendez should be severed from her co-defendants. Rather, for all of the reasons previously set forth (Dkt. 180 at 106-29; Dkt. 271 at 11), severance here would result in the serious inefficiencies and unfairness that the Supreme Court and Second Circuit have long held warrant trying together defendants charged in a single case with having committed crimes together. Indeed, the presumption against severance applies even more strongly following the filing of the S4 Superseding Indictment, which adds additional counts against all defendants, including two obstruction of justice conspiracy counts against both Robert Menendez and Nadine Menendez, each count based on a different set of facts. (*See* S4 Indictment ¶¶ 84-87 (Count Four), Indictment ¶¶ 113-16 (Count Seventeen).)

To put a fine point on it—given that Nadine Menendez is charged in *all* of the counts Robert Menendez is charged with, except for the substantive Section 219 charge, but she is also charged with him in a conspiracy to violate Section 219—the Government expects that, if this case were tried twice, it would have to present the same or substantially the same case, in full, a second time. That means picking a jury, a second time, and doing so after the case has already been tried once and a verdict has been returned; calling dozens of witnesses—including at least one non-law enforcement government official stationed outside of the United States and many lay witnesses who do not live in New York, and certain of whom have expressed a concern about testifying—a second time; presenting at least hundreds of exhibits, if not more, a second time; presenting evidence and argument to a second lay jury, for several weeks; and litigating or re-litigating related issues, including with respect to evidentiary or privilege challenges that cannot be fully resolved before trial, a second time. In short, the additional burden of a second trial on the Government, its law enforcement partners, other government agencies, lay persons, and the Court would be very significant. A second, virtually identical trial in these circumstances also presents the risk of unfairness or inconsistency that the Supreme Court has strongly cautioned against. *See, e.g., Zafiro v. United States*, 506 U.S. 534, 537 (1993). In short, particularly in this case:

> It would impair both the efficiency and the fairness of the criminal justice system to require . . . that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand. Joint trials generally serve the

> interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability—advantages which sometimes operate to the defendant's benefit. Even apart from these tactical considerations, joint trials generally serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.

*Richardson v. Marsh*, 481 U.S. 200, 210 (1987). For these reasons, the Government respectfully urges the Court not to order severance at this time.

The Government, however, recognizes that the presumption against severance may be overcome by particular circumstances, including, where appropriate, the public interest in moving a case expeditiously to trial. A time may come when that interest sufficiently militates in favor of severance in this case, but severance in a case with joint charges, joint conduct, numerous witnesses, numerous exhibits, and significant overlapping and intertwined evidentiary issues should be ordered only when necessary—and it is not presently necessary. Rather, given that the defendants were charged less than a year ago, and the S4 Indictment was only filed last month, a trial within a few months of May (consistent with the defendants' prior requests, but not for the reasons the defendants have stated), would still be expeditious. (*See* Dkt. 105 at 3 (Robert Menendez on behalf of all defendants: "Defendants' requests [for an adjournment to July] still put this case on a true 'rocket docket,' proceeding to trial within 10 months of the filing of the original indictment.").) Moreover, such a schedule would be comparable to or faster than the schedule for trials in other multiple-defendant or comparatively complex corruption cases in which the defendants were on bail, as they are here. *See, e.g.*, *United States v. Percoco, et al.*, No. 16 Cr. 776 (VEC) (four-defendant corruption case; trial approximately 14 months from indictment and approximately 4 months from superseding indictment); *United States v. Ng Lap Seng, et al.*, No. 15 Cr. 706 (VSB) (several-defendant corruption case, one of whom went to trial; trial approximately 20 months from indictment, and approximately 8 months from superseding indictment); *United States v. Silver*, No. 15 Cr. 93 (VEC) (two-scheme corruption case; trial approximately 10 months from indictment, and approximately 6 months from superseding indictment); *United States v. Annabi and Jereis*, No. 10 Cr. 7 (CM) (two-defendant corruption case; trial approximately 25 months from indictment, and approximately 9 months from superseding indictment).

In short, based on the information available to the Court and the parties now, as described in the sealed declaration, there appear to be a range of possibilities regarding Nadine Menendez's medical condition over the coming months. The sealed declaration also indicates that there is likely to be substantially more information about her medical condition and its implications for her participation in this case as of her requested June 4 conference date. This uncertainty strongly counsels in favor of preserving the possibility at this time of a joint trial. Adjourning the trial for a reasonable period, rather than ordering severance and proceeding on May 6, would also permit Robert Menendez, and others affected by this case, to attend more fully in the coming weeks to the matter described in the sealed declaration. At the same time, Nadine Menendez's request that the trial be adjourned *sine die*, in the Government's view, goes too far in the other direction, and threatens to result in trial, even potentially against co-defendants, occurring too far in the future.

For the foregoing reasons, the Government requests that the Court (a) adjourn the trial to a date certain, in or about July or August, and order that time be excluded pursuant to the Speedy Trial Act, (b) schedule a status conference in early June, (c) order all court-ordered deadlines

Honorable Sidney H. Stein
April 10, 2024
Page 4

regarding notices, motions, and CIPA remain in place, and (d) order that the parties continue to make all remaining disclosures and file related motions on their previously agreed-upon schedule, except for trial exhibits, witness lists, and witness statements by both sides, with new deadlines for those trial-specific disclosures to be a subject of conferral among the parties and presentation for the Court's consideration.

                                                Respectfully submitted,

                                                DAMIAN WILLIAMS
                                                United States Attorney

                         By:    <u>s/ Daniel C. Richenthal</u>
                               Eli J. Mark
                               Paul M. Monteleoni
                               Lara Pomerantz
                               Daniel C. Richenthal
                               Catherine Ghosh
                               Assistant United States Attorneys
                               (212) 637-2431/2219/2343/2109/1114

cc:     (by ECF)

        Counsel of Record