# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

ROBERT MENENDEZ, *et al.*,

Defendants.

Criminal Action No. 23-490 (SHS)

*Document Electronically Filed*

## BRIEF OF DEFENDANT WAEL HANA IN RESPONSE TO THE GOVERNMENT'S OMNIBUS MOTIONS IN LIMINE

**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

    I.      The Government's Motion to Exclude Defendants' Arguments or Evidence Concerning their Family, Background, Age, Health, or Other Personal Characteristics Should Be Denied As Improper and Premature (GMIL XI). ........................................................................................................ 3

    II.     The Government's Motion Regarding Whether the Charged Acts Were Good for the Public is Premature (GMIL IX). ........................................................ 6

CONCLUSION ............................................................................................................................ 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Gov't of Virgin Islands v. Grant*,
   775 F.2d 508 (3d Cir. 1985)...............................................................................................6

*SEC v. Tourre*,
   950 F. Supp. 2d 666 (S.D.N.Y. 2013)................................................................................7

*United State v. Ilori*,
   2022 WL 2452258 (S.D.N.Y. July 5, 2022) ...................................................................2, 7

*United States v. Battaglia*,
   05-cr-774, 2008 WL 144826 (S.D.N.Y. Jan. 15, 2008).....................................................5

*United States v. Blackwell*,
   853 F.2d 86 (2d Cir. 1988).............................................................................................5, 6

*United States v. Fiumano*,
   2016 WL 1629356 (S.D.N.Y. Apr. 25, 2016).....................................................................7

*United States v. Georges*,
   20-cr-157, 2021 WL 4191223 (S.D. Oh. Sept. 15, 2019)...................................................4

*United States v. Harris*,
   491 F.3d 440 (D.C. Cir. 2007)............................................................................................5

*United States v. Inniss*,
   18-cr-134, 2019 WL 6999912 (E.D.N.Y. Dec. 20, 2019) ..................................................5

*United States v. James*,
   607 F. Supp. 3d 246 (E.D.N.Y. 2022) ................................................................................3

*United States v. Kosinski*,
   16-cr-148, 2017 WL 4953902 (D. Conn. Oct. 31, 2017)....................................................5

*United States v. Lucas*,
   395 F. Supp. 3d 241 (W.D.N.Y. 2019) ...............................................................................6

*United States v. Murray*,
   22-cr-76, 2023 WL 3309484 (S.D.N.Y. May 8, 2023).......................................................4

*United States v. Naumovski*,
   20-cr-384, 2023 WL 5806171 (E.D.N.Y. Sept. 7, 2023)....................................................4

*United States v. Neumann*,
    21-cr-439-01, 2023 WL 8700974 (S.D.N.Y. Dec. 14, 2023) .....................................................4

*United States v. Paccione*,
    949 F.2d 1183 (2d Cir. 1991)..................................................................................................5

*United States v. Rounds*,
    2015 WL 5918372 (W.D.N.Y. Oct. 9, 2015) ..........................................................................7

*United States v. Smothers*,
    652 F. Supp. 3d 271 (E.D.N.Y. 2023) .....................................................................................1

*United States v. St. Rose*,
    11-cr-349, 2012 WL 1107659 (E.D.N.Y. Apr. 2, 2012)...........................................................5

*United States v. Valencia*,
    826 F.2d 169 (2d Cir. 1987)....................................................................................................7

*United States v. Yang*,
    2019 WL 5536213 (N.D. Cal. Oct. 25, 2019).........................................................................7

*Werts v. Vaughn*,
    228 F.3d 178 (3d Cir. 2000) (McKee, J., dissenting) ..............................................................2

**Rules**

Fed. R. Evid. 401 ..............................................................................................................................6, 7

The Government's motions in limine (GMILs) fall into three categories. The first category consists of those motions that, on their face or as described in the Government's brief, are not addressed to defendant Wael Hana at all, but rather are solely aimed at co-defendant Menendez; this category includes GMILs I, II, IV, V, VIII and X.[1]

---

[1] These motions seek to exclude evidence and argument that the charges are politically motivated (ECF 291 at 2); evidence and argument that Menendez's conduct should have been handled other than through a criminal prosecution (*id.* at 6); evidence and argument concerning Menendez's prior federal criminal case (*id.* at 9); evidence and argument concerning the Government's compliance with its discovery obligations (*id.* at 11); evidence and argument concerning whether others engaged in similar conduct (*id.* at 15); and evidence and argument concerning the defendants' prior good acts or lack of prior bad acts (*id.* at 17).

With regard to GMIL VIII, while primarily aimed at co-defendant Menendez, the Government states that "Menendez and his co-defendants should also be precluded from offering evidence or argument concerning the conduct of others generally, unless there is a sufficient connection to a defendant's relevant contemporaneous knowledge or intent." ECF 291 at 15. Of course, to the extent that this contention is taken literally, it is truly overbroad—the defendants naturally intend to offer evidence about "the conduct of others," who were allegedly involved in the offenses at issue but will not be present at trial, including Jose Uribe and, of course, Nadine Menendez. But there are other third parties mentioned as well. *See ,e.g.*, Indictment ¶¶ 2 (referring to "an official at the United States Department of Agriculture"); 6 (referring to "multiple Egyptian officials"); 13 (referring to "the then-head of the National Security Division" of the United States Department of Justice); 19(a) (referring to "Egyptian Official-1"); 19(b) (referring to "Egyptian Official-2"); 21 (referring to "Egyptian Official-3"); 28 (referring to "an Egyptian-American associate of Hana"); 30 (referring to "Official-1"); 37(a) (referring to "the then-Secretary of the Treasury" and "the then-Secretary of State"); 37(b) (referring to "Egyptian Official-4"); 37(d) (referring to "Egyptian Official-5"); 37(f) (referring to "an SFRC staffer"); 39 (referring to "the New Jersey Defendant" and "the New Jersey Investigative Subject"); 39 (referring to "a senior state prosecutor in the Office of the New Jersey Attorney General"); 42 (referring to "Official-2"); 43(c) (referring to "Associate-1"); 43(f) (referring to "Associate-2"); 44(c) (referring to "Associate-3"); 47 (referring to "the Candidate" or "Official-3"); 49 (referring to "the Advisor"); 51 (referring to "Daibes's Driver"); 53(b) (mentioning "Official-4"); 56 (referring to "the Qatari Investor"); 57 (referring to "Qatari Official-1"); *see generally United States v. Smothers*, 652 F. Supp. 3d 271, 289 (E.D.N.Y. 2023) (conduct of third parties is relevant to establishing existence of conspiracy (collecting cases)). Presumably, that is not what the Government is concerned about in this motion, which references "similar conduct," a subject matter that does not implicate Mr. Hana's defense, and which he will not seek to make part of his defense without the appropriate evidentiary basis, including that described by the Government. *See* ECF 291 at 15 (providing that such evidence may be admitted if there is a "sufficient connection to a defendant's relevant contemporaneous knowledge or intent.").

The second category addresses motions as to which Mr. Hana's counsel, officers of the Court, understand the rules and have no intention of violating them: these include GMIL III, which seeks to prevent Mr. Hana from raising arguments concerning his potential punishment; but Mr. Hana does not intend to do so, and this Motion should accordingly be denied as moot.[2] Nor will he argue to the jury , as the Government fears, *see* GMIL VII, ECF 291 at 14, that 18 U.S.C. § 219 is unconstitutionally vague, though of course, this does not preclude him from contending that he did not have the requisite state of mind to have conspired to violate that statute.

The third category, encompassed in GMILs IX and XI, seek to preclude broad categories of potential evidence or argument, without identifying any specific documents or testimony that

---

Likewise, GMIL X is, on its face, directed toward Senator Menendez and seeks to preclude him from offering evidence or argument "concerning any charity, philanthropy, pro bono representations, civic or political activism, public service or any other specific instance or instances of prior alleged good or public-oriented acts …" ECF No 291 at 18-19. Given this focus, Mr. Hana assumes that it does not cover his history of gift giving (and receiving) from Ms. Menendez, which is a critical aspect of his defense, contextualizing as it does some of the allegations of the Indictment. *See, e.g.*, Indictment ¶ 37(c) (describing Hana's giving an exercise machine and air purifier). Of course, Mr. Hana would not offer this history of gift-giving "to disprove guilt on the ground that he … is a good person, has done good things, or is committed to good works …" ECF No. 291 at 17. Accordingly, Mr. Hana does not read GMIL X to address this important aspect of his defense.

[2] GMIL III seeks to preclude the Defendants from offering evidence or argument "concerning the punishment or consequences they face if convicted." ECF 291 at 8-9. Defense counsel, as noted, have no intention of running afoul of this basic rule, which will in any event be the subject of an appropriate instruction from the Court. *Cf. United State v. Ilori*, 2022 WL 2452258, at *8 (S.D.N.Y. July 5, 2022) (describing an identical Government request as "unwarranted" and a "needless imposition on the Court" given this "well-established rule"). That said, defense counsel can, and must, cross-examine certain Government witnesses with regard to any agreements reached with the Government in exchange for testimony, including the punishment that the witness faced before and after their agreements. This, however, is not only permissible, but required in order for counsel to fulfill their professional, and constitutional, obligations. *See Werts v. Vaughn*, 228 F.3d 178, 210 (3d Cir. 2000) (McKee, J., dissenting) ("Clearly, had defense counsel not cross-examined [the witness] about the plea agreement, counsel would have been rendering ineffective assistance under the Sixth Amendment."). That said, the defense is otherwise aware of its professional obligations and has no intention of offering any inappropriate argument with regard to punishment.

the prosecution seeks to exclude, and without consideration of the factual context in which they might arise, which will determine their admissibility. Those GMILs are very briefly discussed below and in each case should be denied as premature.

**I.    The Government's Motion to Exclude Defendants' Arguments or Evidence Concerning their Family, Background, Age, Health, or Other Personal Characteristics Should Be Denied As Improper and Premature (GMIL XI).**

The Government moves to prohibit Defendants from offering any evidence or argument about their "family background, ethnicity, marital status, ancestry, health, age, or any other similar factors." ECF 291 at 20. That motion is premature. The Government identifies no specific information, documents, or testimony that Mr. Hana may hypothetically wish to introduce, instead offering a blanket disapproval of all evidence relating to "personal factors." Absent particular objectionable evidence, this motion functions as "a preemptive weapon with which [the Government] endeavors to strike in shotgun fashion at whole topics and sources of prospective evidence, out of context and before any specific objection against its proper backdrop is raised." *United States v. James*, 607 F. Supp. 3d 246, 256 (E.D.N.Y. 2022) ("[T]he Government seeks to exclude evidence about [the defendant's] background, family and relationship status, and lack of a criminal record, unless he testifies. Defendant contends that such a blanket prohibition on such evidence and arguments is unwarranted at this stage of the proceedings, and the Court agrees.") (cleaned up). The Court should deny the Government's overbroad objection and rule on any objections made if, as, and when Defendants seek to introduce such evidence.[3]

---

[3] Ironically, it appears that the Government may introduce evidence that Mr. Hana is a Coptic Christian and not a Muslim in its effort to cast aspersions on his having obtained a contract with Egypt to certify imports into that country as complying with the dictates of Halal. *See* Indictment ¶¶ 24-25. This is an example of how such evidence may, in fact, be admissible; indeed, Mr. Hana's defense, at least in part, will be that he was chosen for this contract because he was *not* a member of the Muslim Brotherhood, also appropriate evidence insofar as it explains his having obtained this contract in a way that does not, in any way, bespeak the bribery or corruption that the Government alleges. Either way, a broad ruling precluding the evidence described in GMIL XI,

3

Indeed, numerous courts considering near-verbatim requests have concluded that the appropriate time to rule on such a motion is once the defendant makes a specific effort to introduce allegedly background or irrelevant evidence. *See, e.g.*, *United States v. Neumann*, 21-cr-439-01, 2023 WL 8700974, at *8 (S.D.N.Y. Dec. 14, 2023) ("At present, the defense has not indicated whether they intend to introduce information on Defendant's background. If Defendant so intends, the Court will assess the relevance, probative value, and potential prejudicial effect of any such evidence proffered by the Defendant, and will exclude any evidence that is not relevant, lacking in probative value, or substantially more prejudicial than probative. Without knowing the evidence Defendant intends to introduce, the Court preliminarily denies the Government's request to preclude testimony on Defendant's background."); *United States v. Naumovski*, 20-cr-384, 2023 WL 5806171, at *3 (E.D.N.Y. Sept. 7, 2023) ("With respect to the Government's request to preclude evidence regarding certain aspects of Defendant's personal life, including his lack of a criminal record, the Court finds such a 'blanket prohibition' inappropriate at this stage."); *United States v. Murray*, 22-cr-76, 2023 WL 3309484, at *2 (S.D.N.Y. May 8, 2023) ("[The Government] seeks to exclude evidence or argument concerning Defendant's family background or other personal factors unconnected to guilt and discussion of punishment. . . . [T]he motion is denied without prejudice. The Court has insufficient information to rule, as the Government has not identified any particular evidence or facts that it seeks to preclude."); *United States v. Georges*, 20-cr-157, 2021 WL 4191223, at *5 (S.D. Oh. Sept. 15, 2019) (holding that "while this Court agrees that arguments encouraging impermissible considerations by the jury are generally intolerable, the Government's broad request to keep out all mentions of the Defendant's age,

---

should be decided in light of the proofs offered and adduced at trial and not in a vacuum, as the Government requests the Court to do here.

4

health, family or similar personal factors is better dealt with in the context of a concrete and pointed objection during trial"); *United States v. Inniss*, 18-cr-134, 2019 WL 6999912, at *9 (E.D.N.Y. Dec. 20, 2019) (denying Government's motion in limine to exclude "any personal or background information concerning" the defendant); *United States v. Kosinski*, 16-cr-148, 2017 WL 4953902, at *5-6 (D. Conn. Oct. 31, 2017) (noting that courts have "'wide discretion concerning the admissibility of background evidence' such as information about the defendant's career or education" and denying without prejudice the Government's motion to exclude general personal background such as age, employment, and family background) (quoting *United States v. Blackwell*, 853 F.2d 86, 88 (2d Cir. 1988)).

The cases the Government cites are not to the contrary. All concern specific pieces of evidence that the defendants in those cases wished to introduce. *See United States v. Paccione*, 949 F.2d 1183, 1201 (2d Cir. 1991) (affirming exclusion of evidence of son's cerebral palsy and defendant's caretaker role); *United States v. Harris*, 491 F.3d 440, 447 (D.C. Cir. 2007) (affirming exclusion of testimony from specific witnesses); *see also United States v. Battaglia*, 05-cr-774, 2008 WL 144826, at *3 (S.D.N.Y. Jan. 15, 2008) (excluding specific evidence that defendant had "described" while permitting defendant to renew motion to admit if such evidence became relevant).[4] Here, by contrast, the Government identifies no specific piece of evidence it thinks merits exclusion; nor could it, as the defense has not indicated it will introduce any such

---

[4] The Government also cites *United States v. St. Rose*, 11-cr-349, 2012 WL 1107659, at *1 (E.D.N.Y. Apr. 2, 2012), as allegedly "precluding evidence of the defendant's immigration status because it does 'not bear on the Defendant's innocence or guilt.'" ECF 291 at 20. This citation is inaccurate: the Court in *St. Rose* did not preclude evidence of the defendant's immigration status, but instead precluded "argu[ments] that she should be acquitted out of sympathy for her, her family, or her immigration status." *Id.* at *1.

5

background evidence, and does not have the present intention of doing so, other than, perhaps, as described above. *See, e.g.*, *supra*, n.3.

Moreover, the Government's proposed total ban on background evidence is also contrary to governing caselaw. *See, e.g.*, *Gov't of Virgin Islands v. Grant*, 775 F.2d 508, 513 (3d Cir. 1985) (excluding testimony regarding lack of prior arrests, but noting that "[d]uring the course of a trial, it is customary for the defendant to introduce evidence concerning his background, such as information about his education and employment. Such evidence is routinely admitted without objection, [and] it is helpful for the trier of fact to know something about a defendant's background when evaluating his culpability."); *United States v. Blackwell*, 853 F.2d 86, 88 (2d Cir. 1988) ("Certainly, the trial court is entitled to wide discretion concerning the admissibility of background evidence."); *United States v. Lucas*, 395 F. Supp. 3d 241, 256 (W.D.N.Y. 2019) ("[I]t is well within a trial court's discretion to allow testimony concerning a witness' background, including military service, as part of an introduction of the witness to the jury."); *see also* Fed. R. Evid. 401 Advisory Committee's Notes ("Evidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding."). The Government's motion seeking a general prohibition against personal and background information should therefore be denied as premature.

**II.     The Government's Motion Regarding Whether the Charged Acts Were Good for the Public is Premature (GMIL IX).**

The Government also argues that evidence regarding "whether the charged acts were good for the public or should have been undertaken" should be excluded, except to the extent that evidence or argument bears on a defendant's mental state. ECF 291 at 16-17. Here, as elsewhere,

6

it is not clear to what evidence the Government may be referring,[5] and hence the Government's motion is too speculative to rule on before trial. *Cf. United States v. Fiumano*, 2016 WL 1629356, at *8 (S.D.N.Y. Apr. 25, 2016) ("Neither the Government nor the Defendant identify specific acts that should be precluded, thus the Court will reserve its decision on whether any evidence the Defendant seeks to introduce is, in fact, inadmissible 'good acts' evidence."). Indeed, the Government's argument is akin to a motion *in limine* objecting to all evidence that would violate Rules 401 or 403—it is too vague to consider at this stage; any objections can be properly evaluated at trial. *See, e.g.*, *United States v. Valencia*, 826 F.2d 169, 172 (2d Cir. 1987) ("Many rulings on evidence cannot be made until the course of the trial reveals whether the disputed evidence is relevant, cumulative, or prejudicial."); *Ilori*, 2022 WL 2452258, at *2, 4 (noting that "the purpose of a motion in limine is to enable the trial court to rule on specific evidence in advance of the trial" and denying multiple Government requests because "[t]he Court cannot resolve these disputed issues in advance of trial" and "[t]he Court must see the context in which the evidence is offered and the purpose for which it is offered"); *SEC v. Tourre*, 950 F. Supp. 2d 666, 675 (S.D.N.Y. 2013) (evidence challenged in a motion in limine "should only be precluded when it is clearly inadmissible on all possible grounds"); *United States v. Rounds*, 2015 WL 5918372, at *1 (W.D.N.Y. Oct. 9, 2015) (denying Government's motion in limine and noting that "[w]ithout hearing the evidence in context, this Court cannot enter a blanket pretrial ruling"); *United States v. Yang*, 2019 WL 5536213, at *4-5 (N.D. Cal. Oct. 25, 2019) (denying Government's motion in

---

[5] If the Government's motion is referring to the fact that Mr. Hana obtained his contract from Egypt because, unlike those who had the contract before, he was not affiliated with the Muslim Brotherhood, then—while that was good for the public, including because Mr. Hana did a far better job of assuring that his business enforced the dictates of Halal than did his predecessors—it is certainly admissible, as relevant to why Mr. Hana was selected, *i.e.*, having nothing to do with bribery and corruption.

7

limine regarding defendants' out-of-court statements as premature, noting that "[w]ithout greater context, the Court cannot say that Defendants' out-of-court statements would be hearsay, let alone that an exception to hearsay does not apply," and concluding that "[t]he Government may object in due course to specific evidence submitted at trial").

## CONCLUSION

For the foregoing reasons, the Court should deny the Government's motions in limine IX and XI as premature and Government motion in limine III as moot. The other motions are, as filed, inapplicable to Mr. Hana and so he does not respond to them here.

Dated:  April 12, 2024                                Respectfully submitted,

*s/ Lawrence S. Lustberg*
Lawrence S. Lustberg
Ricardo Solano, Jr.
Anne M. Collart
Andrew J. Marino
Christina M. LaBruno
Jessica L. Guarracino
Elena M. Cicognani
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
llustberg@gibbonslaw.com