

Lawrence S. Lustberg
Director

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4731 Fax: 973-639-6285
llustberg@gibbonslaw.com

April 14, 2024

**VIA ECF**

The Honorable Sidney H. Stein
U.S. District Judge, Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

  **Re:**  **United States v. Robert Menendez, et al., Case No. 1:23-cr-00490-SHS**

Dear Judge Stein:

  As the Court is aware, this Firm represents Defendant Wael Hana in the above captioned matter. We write on behalf of Mr. Hana in response to the Government's letter stating that there is "an impasse regarding a proposed stipulation concerning the expected testimony of Lawrence S. Lustberg, Esq., lead counsel to defendant Wael Hana," requesting a conference tomorrow, April 15, 2024, with all parties, and suggesting that "because that impasse likely requires the disqualification of Mr. Lustberg," it "may require an adjournment of the trial date." ECF No. 318 at 1 (Ltr. From D. Richenthal to the Hon. Sidney H. Stein, dated Apr. 14, 2024). The Government's letter is premature and inaccurate in suggesting that there is an "impasse"; in fact, as counsel for both Mr. Menendez and Mr. Daibes will, we are certain, demonstrate to the Court, they have been and are ready and willing to negotiate the terms of a stipulation if the Government were actually willing to do so. But it has not been, either with respect to the facts of the current version of the stipulation, or with respect to issues of admissibility that affect whether that stipulation is even appropriate. To the contrary, the Government's submission to the Court of late this weekend day, only one day before its disclosures under 18 U.S.C. §3500 are due, really appears to be an effort to get Your Honor to revisit your decision of just a few days ago, denying its request to delay the trial of this matter. Moreover, for the reasons summarized below, Mr. Hana respectfully submits that the facts before the Court do not, as a matter of law, justify this disqualification under RPC 3.7(a), especially on the eve of trial so many months after the Government first raised the issue with the Court, during all of which Mr. Lustberg was, without objection, acting as counsel for Mr. Hana as he fights for his liberty.

  That said, Mr. Hana agrees with the Government that the Court should schedule a conference, by telephone if necessary, at the Court's earliest convenience to address this matter; he looks forward to being heard in this matter and then moving forward with this trial on May 6, 2024, as scheduled.

GIBBONS P.C.

April 14, 2024
Page 2

*First*, although counsel for Senator Menendez and Mr. Daibes will update the Court directly, we understand that each is open to negotiating a stipulation with the Government that would avoid the need for this testimony, if that is possible. The current draft of the stipulation contains testimony as to which the Defendants have requested an opportunity to meet and confer with regard to the admissibility of certain paragraphs (their positions on which were communicated to the Government on April 9, 2024). The Government, though it declares an impasse, has, we have been told, refused to enter into such discussions, instead insisting that the parties sign a stipulation which includes obviously inadmissible facts and when they have refused to do so, declared an impasse. We remain available to engage in these discussions to the extent they pertain to Mr. Hana. In addition, we understand that there may be additional truthful testimony that Senator Menendez or Mr. Daibes request to be included in the stipulation, which we, again, remain available to discuss promptly, as we have throughout.

*Second*, and significantly, we note that this issue was first raised—initially with counsel and then, at the very first status conference with the Court—nearly eight months ago when the initial indictment was returned. Indeed, after the Government raised the issue the day before, on September 29, 2023, we specifically requested that the Government provide the substance of the testimony that it believed, at that point, it would elicit, "so that the necessity determinations – and the question of whether any of the facts at issue will even be disputed . . . – can be made, and weighed against the Defendant's Sixth Amendment rights, so as to justify the extreme remedy of disqualification." *See* September 29, 2023 Ltr. From L. Lustberg, attached hereto as **Exhibit A**. Though acknowledging receipt of the letter and promising to give it careful consideration, the Government did not contact counsel to discuss a stipulation until six months later on March 22, 2024. And Your Honor, having been alerted to this matter at the initial status conference, expressed the Court's agreement with us that issues of counsel be resolved as soon as possible, *see* Oct. 2, 2023 Tr. at 15:5-20 ("Obviously my name came up but I understand there needs to be a *Curcio* hearing. We are, as the government said, in the process of talking about that set of issues which probably will not eviscerate the need for such a hearing, but we will work with the government . . . we will continue to work with Mr. [Monteleoni] and his colleagues in effort to narrow the scope of that and to focus it for the Court, but we will be prepared to proceed with that sooner rather than later because the issues of counsel should be resolved sooner rather than later." Court: Yes."), and proceeded to convene a thorough *Curcio* hearing on October 18, 2023. No discussion of, let alone application for, disqualification was made at that time. Meanwhile, as the Government well knew from numerous briefs and other filings, as well as conversations with counsel and appearances in Court, counsel continued to work on this matter, including reviewing the extraordinarily voluminous discovery and, given the firm trial date and denial of requests for an adjournment, expending substantial time and effort on trial preparations, including reviewing the voluminous discovery in this case, working with Mr. Hana to understand and meet the evidence against him, preparing jury instructions and *voir dire*, reviewing classified discovery and participating in CIPA proceedings, including an *ex parte* hearing with this Court and the noticing of Section 5 CIPA material intended to be used at trial. Counsel has also spent time preparing for an anticipated CIPA Section 6 hearing and preparing Mr. Hana's defense for trial; this very day, the undersigned counsel was working on his opening. The prejudice that would befall Mr. Hana

GIBBONS P.C.

April 14, 2024
Page 3

should he be forced to use new lead trial counsel at this late date after this issue was known about, raised, and then simply ignored for months cannot be overstated.[1]

*Finally*, even at this stage, the Government has not moved for the disqualification of counsel. That said, RPC 3.7 does not require such disqualification. The witness-advocate rule is embodied in Rule 3.7 of the New York Rules of Professional Conduct, which applies with respect to any motion to disqualify lead counsel for Mr. Hana that might be brought in this matter. *See McGowan v. Stanley*, No. 22-cv-6971, 2023 WL 2118084, at *2 (S.D.N.Y. Feb. 17, 2023) (denying plaintiffs' motion under Rule 3.7 to disqualify defendant's attorney, as plaintiffs failed to demonstrate attorney's testimony would be "necessary and would substantially prejudice a party"); *Su v. Sotheby's, Inc.*, No. 17-cv-4577, 2021 WL 3537189, at *2 (S.D.N.Y. Aug. 11, 2021) (denying defendant's motion to disqualify plaintiff's attorney under Rule 3.7, further noting that "[t]he New York State Rules of Professional Conduct are binding on counsel appearing before [the Southern District of New York]"); *Total Asset Recovery Servs., LLC v. Huddleston Cap. Partners VIII LLC*, No. 1:21-cv-2466, 2022 WL 1125924, at *1 (S.D.N.Y. Apr. 15, 2022) (denying defendant's motion to disqualify plaintiff's attorney under Rule 3.7, emphasizing that "where the Code of Professional Responsibility is invoked not in a disciplinary proceeding to punish a lawyer's own transgression, but in the context of an ongoing lawsuit, disqualification of a plaintiff's law firm can stall and derail the proceedings, redounding to the strategic advantage of one party over another.") (internal citation omitted). Specifically, subsection (a) of the Rule provides that "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact unless: (1) the testimony relates solely to an uncontested issue; (2) the testimony relates solely to the nature and value of legal services rendered in the matter; (3) disqualification of the lawyer would work substantial hardship on the client; (4) the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or (5) the testimony is authorized by the tribunal." R. P.C. 3.7(a).

Recognizing that Rule 3.7 "lends itself to opportunistic abuse," the Second Circuit has held that motions to disqualify under the witness-advocate rule must be subject to "fairly strict scrutiny." *Murray v. Metropolitan Life Ins. Co.*, 583 F.3d 173, 178 (2d Cir. 2009) (reversing district court's decision to disqualify counsel); *see also John Wiley & Sons, Inc. v. Book Dog Books*, LLC, 126 F. Supp. 3d 413, 420 (S.D.N.Y. 2015) ("Because the courts must guard against tactical use of motions to disqualify counsel, they are subject to fairly strict scrutiny, particularly

---

[1] In light of its renewed request of this evening for an adjournment of this evening, the Government's unwillingness to negotiate with all parties regarding the potential stipulation appears to be an effort to provide a new basis for the adjournment of this trial, its prior efforts in that regard having been rejected. This is an ironic request indeed: at Mr. Hana's *Curcio* hearing, the Court advised Mr. Hana, utilizing questions provided to it by the Government, that if he wanted new counsel, it would not be a justification for adjourning the trial date. *See* Oct. 18, 2023 Tr. 8:24 – 9:5.

GIBBONS P.C.

April 14, 2024
Page 4

motions based on the witness-advocate rule." (internal quotation marks and citation omitted); *Hartford Acc. & Indent. Co. v. RJR Nabisco, Inc.,* 721 F. Supp. 534, 541 (S.D.N.Y. 1989) (observing that disqualification motions are frequently "born of little more than hardball litigation strategy"). "The Second Circuit requires a high standard of proof on the part of the party seeking to disqualify an opposing party's counsel." *Kubin v. Miller*, 81 F. Supp. 1101, 1113 (S.D.N.Y. 1992).

Here, Rule 3.7(a) by its terms, does not justify counsel's disqualification. Indeed, both R.P.C. 3.7(a)(1) and 3.7(a)(3) set forth exceptions to the general rule against an attorney acting as a witness, Rule 3.7(a)(1) because none of the facts that counsel would provide will in fact be contested and Rule 3.7(a)(3) because Mr. Hana would, obviously, suffer not only a substantial but really a terrible hardship should his counsel be disqualified on the eve of trial, especially given counsel's longstanding relationship with the defendant and his years of work (since 2019) on this matter. Again, this work included appearances in and briefing to this Court, none of which provoked any expression of concern from the Government, which instead waited until the eve of trial, while counsel was literally prepare his opening, to raise an issue that seemed to have been resolved some six months before. And, of course, under R.P.C. 3.7(a)(5), the Court has the express authority to permit counsel to proceed, rather than disqualify him.

Indeed, under Rule 3.7(a), a lawyer's mere testimony at trial, without more, is insufficient to disqualify that lawyer from representing a party; a movant seeking a party's lawyer's disqualification must demonstrate "both that the lawyer's testimony is 'necessary' and that there exists a 'substantial likelihood that the testimony would be prejudicial to the witness-advocate's client.'" *John Wiley & Sons*, 126 F. Supp. 3d at 420; *see also Uribe Bros. Corp. v. 1840 Washington Ave. Corp.*, 2010 WL 918432 (N.Y. Sup. Ct. 2010) (denying defendant's motion to disqualify plaintiff's counsel, recognizing counsel's ability to testify, and noting, among other things, that "Defendants failed in their burden to show that disqualification of the lawyer would not work substantial hardship upon his clients." (citing Rule 3.7(a)(3))); *Bullard v. Coulter*, 667 N.Y.S.2d 495, 496 (App. Div. 1998) (affirming decision to deny disqualification motion where the attorney's testimony was not necessary and not prejudicial to the testifying attorney's client). This is the movant's burden. *Id.* at 421. The movant must "specifically [demonstrate] how and as to which issues in the case the prejudice may occur and that the likelihood of prejudice occurring to the witness-advocate's client is substantial." *Murray*, 583 F.3d at 178 (quoting *Lamborn v. Dittmer*, 873 F.2d 522, 531 (2d Cir.1989)). That is, "to the extent that the attorney would not be providing testimony on his client's behalf, the party seeking to disqualify the attorney must show that there is a substantial likelihood that the testimony would be prejudicial to the witness-advocate's client." *Finkel v. Frattarelli Bros.*, 740 F. Supp. 2d 368, 373 (E.D.N.Y. 2010). The requisite prejudice exists where the testimony "is 'sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the bar or the client might have an interest in the lawyer's independence discrediting that testimony.'" *Murray*, 583 F.3d at 178 (quoting *Lamborn,* 873 F.2d at 531). But that is obviously not the case here, where counsel's testimony would not be adverse to his client; indeed, its proposed subject matter, as summarized by the Government, has nothing whatsoever to do with Mr. Hana. *See* ECF No. 318, at 1 ("Among

GIBBONS P.C.

April 14, 2024
Page 5

other things, Mr. Lustberg has personal knowledge of facts described in the Indictment, such as (a) a crucial fact regarding defendant Fred Daibes's intent, not available from any other source known to the Government, shedding light on, among other things, defendant Robert Menendez's corrupt intent in selecting individuals to recommend for the position of U.S. Attorney (Indictment ¶ 48), and (b) a phone call from Menendez to Mr. Lustberg that, unbeknownst to Mr. Lustberg at the time, was in furtherance of the bribery and obstruction scheme and also was not witnessed by any other uncharged individual besides Mr. Lustberg (*see id*. ¶ 53.a).").  Thus, there would be no prejudice to Mr. Hana from counsel testifying at trial; indeed, the only prejudice he would suffer would come about if he were to be deprived of his constitutional right to the counsel of his choice, especially on the eve of trial.  *See United States v. Escobar-Orejuela*, 910 F. Supp. 92, 97 (E.D.N.Y. 1995) ("Because disqualification of a criminal defendant's chosen counsel seriously implicates the Sixth Amendment, 'the government bears a heavy burden of establishing that concerns about the integrity of the judicial process justify the disqualification.'" (quoting *United States v. Washington*, 797 F.2d 1461, 1465 (9th Cir.1986))); *Finkel*, 740 F. Supp. 2d at 372 ("Disqualification is viewed with disfavor in this Circuit because it impinges on a 'client's right freely to choose his counsel.'") (quoting *Evans v. Artek Sys. Corp*. 715 F.2d 788, 791 (2d Cir. 1983)).

Moreover, as noted, disqualification is warranted only where "the testimony to be given by [counsel] is necessary."  *Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994) (internal quotation marks and citation omitted).  This inquiry "does not focus on whether the attorney possesses discoverable knowledge, but rather whether trial of the case will in fact require his testimony." *John Wiley & Sons*, 126 F. Supp. 3d at 422; *see also Oi Tai Chan v. Soc'y of Shaolin Temple, Inc*., 910 N.Y.S.2d 872, 884-85 (Sup. Ct. 2010) ("whether a witness 'ought' to testify is not alone determined by the fact that he or she has relevant knowledge or was involved in the transaction at issue . . . Testimony may be relevant and even useful, but still not necessary.").  Certainly, it would not be if the parties are able to negotiate a stipulation that would render counsel's testimony in this case wholly unnecessary.  And those aspects of the stipulation that the Government seeks which are clearly inadmissible, though the Government refuses to discuss them, must be considered unnecessary.  But even if they are, the Government will not be able to bear its "heavy burden" *Orejuela*, 910 F. Supp. at 97, of satisfying the other requirements for disqualification, as set forth above, and as will be briefed more fully if an actual motion for disqualification is filed.

For these reasons, defendant Wael Hana respectfully requests that the Court hold the status conference requested by the Government and, at that status conference, allow the undersigned lead counsel for Mr. Hana to continue to represent him, and, with that, deny the Government's renewed request to adjourn the trial of this matter.  If Your Honor has any questions, please do not hesitate to call upon us; of course, we will be fully prepared to participate in the status conference should the Court determine to hold it.  Thank you for your kind consideration of this matter.

GIBBONS P.C.

April 14, 2024
Page 6

                                    Respectfully submitted,

                                    s/Lawrence S. Lustberg
                                    Lawrence S. Lustberg, Esq.

cc: All counsel of record (*via ECF*)