```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA,

            v.                           23 CR 490 (SHS)

ROBERT MENENDEZ,
WAEL HANA,
FRED DAIBES,

                 Defendants.             Conference
------------------------------x

                                         New York, N.Y.
                                         April 19, 2024
                                         10:35 a.m.

Before:


                    HON. SIDNEY H. STEIN,

                                         District Judge

                         APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  PAUL MONTELEONI
     ELI J. MARK
     DANIEL C. RICHENTHAL
     Assistant United States Attorneys

PAUL HASTINGS LLP
     Attorneys for Defendant Robert Menendez
BY:  ADAM FEE
     AVI WEITZMAN

GIBBONS, PC
     Attorneys for Defendant Wael Hana
BY:  LAWRENCE S. LUSTBERG
     ANNE M. COLLART
     RICARDO SOLANO, JR.

CESAR DE CASTRO
SHANNON M. McMANUS
     Attorneys for Defendant Fred Daibes
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1          (Case called)
2          MR. MONTELEONI:  Good morning, your Honor, Paul
3  Monteleoni for the government, and with me at counsel table are
4  my colleagues, Eli Mark and Dan Richenthal.
5          THE COURT:  Good morning.
6          MR. FEE:  Good morning, your Honor, for Senator
7  Menendez, Adam Fee, and with me is Avi Weitzman.
8          Your Honor, I believe our client is on the phone right
9  now.
10         THE COURT:  Mr. Menendez, can you hear me, sir?
11         DEFENDANT MENENDEZ:  Yes, your Honor.
12         THE COURT:  Good morning, sir.
13         DEFENDANT MENENDEZ:  Good morning to you, your Honor.
14         MR. LUSTBERG:  Good morning, your Honor, Lawrence S.
15 Lustberg from Gibbons, PC on behalf of Mr. Wael Hana.  Mr. Hana
16 is here to my left.  With me are my colleagues, Anne M. Collart
17 and Ricardo Solano.
18         THE COURT: Good morning.  Welcome.  Please be seated.
19         MR. DE CASTRO:  Good morning, your Honor, Cesar De
20 Castro and Shannon McManus for Mr. Daibes, who is standing to
21 my left.
22         THE COURT:  Good morning.  Welcome.  Everyone be
23 seated.
24         Let me see the stip.
25         MR. MONTELEONI:  The government has not yet signed it.

1  Waiting on the allocution that we understand the Court proposes
2  to perform.  But I can hand over my signature copy right now.
3           THE COURT:  I am going to take a moment to read it.
4           I have read it.
5           Mr. Menendez, Mr. Davis, Mr. Hana, I am going to ask
6  each of you a few questions to assure me that you understand
7  what this stipulation is about and that you have spoken with
8  your attorneys about it.  Let me do that.
9           Mr. Hana, in the past 24 hours, sir, have you taken
10 any drugs, medicine, or pills or consumed any alcohol?
11          DEFENDANT HANA:  No, your Honor.
12          THE COURT:  Is your mind clear today, sir?
13          DEFENDANT HANA:  Yes, your Honor.
14          THE COURT:  Are you feeling all right?
15          DEFENDANT HANA:  Yes, your Honor.
16          THE COURT:  Who is your attorney here today, sir?
17          DEFENDANT HANA:  Mr. Larry Lustberg and Ms. Anne and
18 Mr. Ricardo.
19          THE COURT:  Have you read the stipulation that
20 Mr. Monteleoni just passed up to me?
21          DEFENDANT HANA:  Yes, your Honor.
22          THE COURT:  Did you discuss it with your attorney,
23 sir?
24          DEFENDANT HANA:  Yes, your Honor.
25          THE COURT:  Do you understand that you are waiving

1    your ability to have Mr. Lustberg be a witness at the trial?
2              DEFENDANT HANA:  Yes, your Honor.
3              THE COURT:  You can't cross-examine him.  You can't
4    examine him or cross-examine him in any way.
5              Do you understand that?
6              DEFENDANT HANA:  Yes, your Honor.
7              THE COURT:  In fact, you can't raise the fact that he
8    wasn't called at the trial here on any appellate proceeding,
9    including any *habeas* proceeding.
10             Do you understand that?
11             DEFENDANT HANA:  Yes, your Honor.
12             THE COURT:  You're giving up the ability to argue that
13   he should have been called at trial as a witness.
14             Do you understand that?
15             DEFENDANT HANA:  Yes, your Honor.
16             THE COURT:  Do you agree to this stipulation, sir?
17             DEFENDANT HANA:  Yes, your Honor.
18             THE COURT:  Thank you.
19             Let me turn to Mr. Daibes.
20             MR. DE CASTRO:  Do you want him to come over to the
21   mic?
22             THE COURT:  Of course.
23             DEFENDANT DAIBES:  Yes, your Honor.
24             THE COURT:  In the past 24 hours, have you taken any
25   drugs, medicine, or pills, sir, or consumed any alcohol?

1      DEFENDANT DAIBES:  No, sir.

2      THE COURT:  Is your mind clear today, sir?

3      DEFENDANT DAIBES:  Yes, sir.

4      THE COURT:  Are you feeling all right?

5      DEFENDANT DAIBES:  I feel fine.

6      THE COURT:  Do you have an attorney here?

7      DEFENDANT DAIBES:  Yes, I do.

8      THE COURT:  Who is that?

9      DEFENDANT DAIBES:  Mr. Cesar and Ms. Shannon.

10     THE COURT:  Sir, have you had a chance to read the
11  stipulation that Mr. Monteleoni handed up to me?

12     DEFENDANT DAIBES:  Yes, I have.

13     THE COURT:  Did you discuss it with your attorneys?

14     DEFENDANT DAIBES:  Yes, I did.

15     THE COURT:  Did they answer any questions you may have
16  had about it?

17     DEFENDANT DAIBES:  Yes, they did.

18     THE COURT:  Do you understand that you have agreed to
19  waive the right to call Mr. Lustberg at trial or on
20  cross-examination --

21     DEFENDANT DAIBES:  Yes, I do.

22     THE COURT:  -- as a witness on your behalf?

23     Do you understand that?

24     DEFENDANT DAIBES:  Yes, sir.

25     THE COURT:  Do you understand that you have waived the

1  right to raise the fact that he was not called as a witness in
2  any appellate proceeding or in any *habeas* proceeding?
3              DEFENDANT DAIBES:  Yes, I do.
4              THE COURT:  Do you understand that?
5              DEFENDANT DAIBES:  Yes, sir.
6              THE COURT:  Thank you.
7              Mr. Menendez, sir, are you there?
8              DEFENDANT MENENDEZ:  Yes, your Honor.
9              THE COURT:  Sir, have you, in the past 24 hours,
10 consumed any drugs, medicine, or pills or consumed any alcohol?
11             DEFENDANT MENENDEZ:  I did have a glass of wine at
12 dinner last night.
13             THE COURT:  Is that affecting your cognition at this
14 point?
15             DEFENDANT MENENDEZ:  Not at all, your Honor.
16             THE COURT:  Is your mind clear?
17             DEFENDANT MENENDEZ:  Yes, your Honor.
18             THE COURT:  Are you feeling all right?
19             DEFENDANT MENENDEZ:  Yes, your Honor.
20             THE COURT:  Do you have an attorney here in the court
21 and representing you in this action?
22             DEFENDANT MENENDEZ:  Yes, your Honor.  Mr. Fee and
23 Mr. Weitzman, I believe.
24             THE COURT:  Did you discuss the stipulation that we
25 have been discussing this morning with Mr. Fee and

1  Mr. Weitzman?
2             DEFENDANT MENENDEZ:  Yes, your Honor.
3             THE COURT:  Did they answer any questions you may have
4  had about it?
5             DEFENDANT MENENDEZ:  Yes, they have.
6             THE COURT:  Do you understand, sir, that you have
7  waived the right to have your attorneys call Mr. Lustberg at
8  trial or on cross-examination, and you have waived the right to
9  argue on appeal or on any *habeas* proceeding that he should have
10 been called as a witness and that your counsel was ineffective
11 for failing to do so?
12            DEFENDANT MENENDEZ:  Yes, I understand that, your
13 Honor.
14            THE COURT:  I find that each of the three defendants
15 are competent this morning.
16            Is there anything else that the parties will want me
17 to adduce on the allocution in regard to the stipulation?
18            Government.
19            MR. MONTELEONI:  Nothing from the government, your
20 Honor.  Thank you.
21            THE COURT:  Mr. Fee.
22            MR. FEE:  No, your Honor.
23            THE COURT:  Mr. Lustberg.
24            MR. LUSTBERG:  No, your Honor.  Thank you.
25            THE COURT:  Mr. De Castro.

1   MR. DE CASTRO:  No, your Honor.

2   THE COURT:  Government, I am going to give it back to
3   you, if you'll sign it, and I want a copy of it after it's
4   fully executed.

5   MR. MONTELEONI:  Absolutely, your Honor.  I'm signing
6   it right now, and I am going to endorse the date, which is
7   today, not yesterday when it was circulated, and I will send a
8   copy to chambers and to defense counsel.

9   THE COURT:  Thank you.

10   Let's do some other business.

11   First of all, the parties were negotiating an
12   agreed-upon statement of the case to present to the jury.
13   Where does that stand?

14   MR. MONTELEONI:  Your Honor, we submitted, I believe,
15   our statement of the case with our *voir dire*.

16   THE COURT:  No.  That's correct.  You each did.  But
17   the parties indicated that you were attempting to reach an
18   agreed-upon statement of the case?

19   MR. MONTELEONI:  I apologize, your Honor.  I'm not
20   prepared to address that right now.  I'll go back and talk with
21   my colleagues afterwards.  If there is a need to do something
22   together, we will absolutely do so.

23   THE COURT:  I would like that statement a week from
24   Monday so I can read it to the jury at the commencement of the
25   trial.

1          Today is the last day for the government to request a
2  section 6 CIPA hearing.  I will need it in writing, of course.
3          Is the government going to do so?
4          MR. MONTELEONI:  Yes, your Honor.  That will be filed
5  later today.
6          THE COURT:  The hearing itself has already been set in
7  my order, dated April 1, for April 23 at 2:30 p.m.  That will
8  be in camera, but not *ex parte*.
9          What I urge the parties to do, and perhaps you are
10 already doing it, is talk to each other about -- without being
11 too specific, about the differences in the section 5 statement
12 and the request for the conference.  See if that can be
13 resolved between the parties.
14         Do you understand that?
15         MR. MONTELEONI:  Yes, your Honor.
16         THE COURT:  Mr. Fee.
17         MR. FEE:  Absolutely, your Honor.
18         THE COURT:  Mr. Lustberg.
19         MR. LUSTBERG:  Yes, Judge.
20         THE COURT:  I take it, Mr. De Castro.
21         MR. DE CASTRO:  Yes.
22         THE COURT:  Jury charges are due on April 24.  The
23 parties said that they were attempting to resolve any
24 differences.  Where do you stand on that?
25         Again, I'll take it first from Mr. Monteleoni.

1          MR. MONTELEONI:  We have circulated our proposed

2  charges to the defendants, we have received a number of

3  comments, and it is in our core to continue those discussions.

4          THE COURT:  Try to resolve those.  It makes it a lot

5  easier for the Court to administer if the parties have agreed

6  upon the jury charges.

7          MR. MONTELEONI:  Yes, your Honor.  My anticipation is

8  it's likely that there will be areas of disagreement that

9  persist.  We obviously will attempt to narrow those as much as

10 possible.

11         THE COURT:  Please.

12         Now, in my order, April 3, ECF 276, I set forth a

13 schedule for the parties to exchange information in regard to

14 any reliance on affirmative defenses.  I haven't seen anything.

15 There is nothing in that order that required that I be

16 informed.

17         But I would like to know, to the extent you can state

18 what the status of that is, are affirmative defenses going to

19 be asserted, and what are they?

20         MR. MONTELEONI:  Yes, your Honor.

21         The government provided to the defense the notice

22 specified in the Court's order with respect to the actions in

23 agency of a foreign principal for the section 219 related

24 charges and received a response from the defense that they did

25 not intend to assert that affirmative defense.  We have not

1  received any notice of any intents to assert any other
2  affirmative defense either.
3              THE COURT:  Fine.
4              MR. MONTELEONI:  I should say that defense indication
5  of no intention to assert an affirmative defense related to
6  actions not serving predominantly a foreign interest came with
7  a number of reservations that they purported to raise.  We
8  don't necessary agree with all of that.  We believe it's
9  possible that issues related to that affirmative defense or
10 evidence potentially bearing in that subject matter may well
11 still come before the Court, but formally they have not -- they
12 have indicated they do not intend to raise that affirmative
13 defense at this time.
14             THE COURT:  Why don't you -- is it from Mr. Fee, I
15 take it?
16             MR. FEE:  That's right, your Honor.
17             THE COURT:  If you have no problem with it, why don't
18 you give me a copy of that submission just so I can think about
19 it in advance.
20             MR. FEE:  You got it, your Honor.
21             THE COURT:  That is everything on my agenda except for
22 the billet doux from the parties, which is document 341, which
23 I take it is a joint request by the parties for a one-week
24 adjournment.  It's written by Mr. De Castro.
25             Mr. De Castro, speak to me, sir.

1          MR. DE CASTRO:  Yes, Judge.

2          I think all parties consent, agree that we could use
3    the additional week.  Obviously, we were engaged in good-faith
4    negotiations regarding the -- basically, we were engaged in
5    good-faith discussions regarding the Lustberg stipulation for
6    several days, if not a couple of weeks.

7          The government consents and the defense would request
8    a week for us to be able to -- and that would include that 3500
9    would be produced, including the government's exhibits today,
10   and that would just make up for lost time.

11         THE COURT:  If the parties agree, I try to accommodate
12   the parties if everybody is agreed.  That indeed provides for
13   3500 and witness lists and exhibit lists to be turned over
14   earlier than previously agreed upon, but it's fine with me if
15   the parties have agreed.

16         Government.

17         MR. MONTELEONI:  That's correct, that we agree to the
18   proposal in the letter which includes not just that we are
19   going to be producing today, which we are willing to do, it
20   also includes a number of defense deadlines.

21         We would, however, of course, ask that time until the
22   new trial date of May 13 be excluded under the speedy trial
23   clock in the interests of justice to allow the parties to
24   engage in pretrial preparations.

25         THE COURT:  As I say, I'm inclined to grant it.  And I

1  checked with the jury clerk, and they can accommodate us by
2  bringing in the panel a week early.  They will handle it.
3  There are some things they have to do, but they can accommodate
4  us, and I appreciate that.
5            The government has requested an exclusion of time
6  until May 13.
7            Mr. De Castro, what's the view of your client?
8            MR. DE CASTRO:  No objection.
9            THE COURT:  Mr. Fee.
10           MR. FEE:  No objection.
11           THE COURT:  Mr. Lustberg.
12           MR. LUSTBERG:  No objection, your Honor.
13           THE COURT:  At the request of the government and with
14 each defendant stating he has no objection, I exclude time from
15 today until May 13 from calculation under the Speedy Trial Act.
16 This continuance serves to ensure the effective assistance of
17 counsel and to prevent any miscarriage of justice.  I'm making
18 the finding, under 3161(h)(7)(A), that the ends of justice
19 served by this continuance outweigh the best interests of the
20 public and the defendants in a speedy trial.  The purpose is to
21 enable all parties to prepare for trial.
22           I am going to set these dates which are set forth in
23 the letter.
24           Any defense expert notices served by April 19,
25 requests to charge by April 24, defendants' nonimpeachment

1   exhibits intended for use in the government's case in chief to
2   be disclosed to the government by April 26, any additional
3   defense disclosures, specifically witness lists, 26.2
4   disclosures, and defense exhibits that the defense intends to
5   use on its case, to be produced to the government 10 days
6   before the anticipated start of the defendant's case, and this
7   agreement is even if the defense has not firmly decided whether
8   to put on a case.
9             Yes.  If there are going to be *Daubert* motions, I
10  certainly want them sooner rather than later.  I don't expect
11  there to be any disputes over visuals or exhibits that will be
12  utilized in openings.  But if there are, I certainly want to
13  know that before the openings, ladies and gentlemen.
14            This trial now is adjourned to 9:30 a.m. on May 13.
15            Is there anything else I can help the parties with?
16            Government.
17            MR. MONTELEONI:  No, your Honor.  Thank you.
18            THE COURT:  Mr. Fee.
19            MR. FEE:  What's a billet doux, your Honor?
20            THE COURT:  B-i-l-l-e-t.  New word, D-o-u-x.
21            If you remember, we went to the thesaurus last time.
22  This time I can send you just to a dictionary.  It's French for
23  soft note, love note.  That's how I take it.  I apologize.  I
24  won't use it again.
25            Mr. Lustberg.

1           MR. LUSTBERG:  I would welcome any foreign-language
2    speaking that you want to do during this matter.
3           Thank you very much.  Nothing further.
4           I should say, we appreciate the Court's help by
5    pointing us to the source.  As you know --
6           THE COURT:  I did see the adjective.  I don't know
7    whether it was in that, but any help I can give is fine.
8           Mr. De Castro.
9           MR. DE CASTRO:  Nothing further.
10           THE COURT:  I'll see the government at the section 6
11    hearing.
12           I'm available when the parties wish.  Let me know.
13           We have a final pretrial conference, we will keep it
14    the same.  I think it's April 30.
15           MR. LUSTBERG:  Your Honor, I think, if I'm not
16    mistaken, that CIPA conference is for all parties.
17           THE COURT:  You're right.  Not *ex parte*.  It's in
18    camera, but not *ex parte*.  I need both parties there.
19           Thank you.
20           (Adjourned)