UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA, : (S4) 23-Cr-490 (SHS)

    -v- : <u>ORDER</u>

ROBERT MENENDEZ, NADINE MENENDEZ, :
WAEL HANA, and FRED DAIBES,

                                  Defendants.
------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

       Kasowitz Benson Torres LLP and Krieger Lewin LLP have moved jointly to quash three Fed. R. Crim. P. 17 subpoenas issued by Robert Menendez regarding their representation of Jose Uribe. (ECF No. 394.) Krieger Lewin represented Uribe in this matter until shortly after he was indicted, at which time Kasowitz began representing him instead.

       The three subpoenas are as follows: First, on or about April 11, 2024, Menendez sent a Rule 17(c) subpoena to Kasowitz demanding "[a]ny and all documents and communications" with employees of the U.S. Attorney's Office for the Southern District of New York ("USAO"), FBI, or any law enforcement agency regarding Uribe or other listed individuals involved in this matter. (ECF No. 395-1.)

       Second, on or about April 18, 2024, Menendez sent a Rule 17(c) subpoena to Krieger Lewin demanding the same set of documents as were demanded in the Kasowitz subpoena, as well as the following two additional demands: (1) materials exchanged with the government in connection with Uribe's representation that his payments towards Nadine's Mercedes were loans, and (2) any documents internal to Krieger Lewin or between Krieger Lewin and Uribe regarding statements made during a July 19, 2023 proffer about Nadine paying Uribe back. (ECF No. 395-2.)

       Third, on or about May 1, 2024, Menendez sent Uribe a Rule 17(a) subpoena to testify at trial that included a rider demanding production of substantially the same documents demanded in the Kasowitz and Krieger Lewin subpoenas. (ECF No. 395-3.)

       Kasowitz and Krieger Lewin argue that the subpoenas should be quashed for two reasons. First, they are inappropriate under Rule 17 and the Supreme Court's standard for Rule 17 subpoenas set forth in *United States v. Nixon*, 418 U.S. 683 (1974). Second, certain demands contained in the Krieger Lewin subpoena call for documents that are protected by the attorney-client or work product privileges. Menendez opposes the motion. (ECF No. 418.)

## I. Legal Standard for Rule 17

Fed. R. Crim. P. 17 permits defendants to issue a subpoena "command[ing a] witness to attend and testify at the time and place the subpoena specifies," Fed. R. Crim. P. 17(a), and to "order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c). Courts may quash or modify a Rule 17(c) subpoena "if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). In order to survive a motion to quash, the party that served the subpoena must satisfy the requirements set forth by the Supreme Court in *Nixon* that "the materials requested are relevant, specifically identified, admissible, and not otherwise procurable by due diligence." *United States v. Barnes*, 560 F. App'x 36, 39-40 (2d Cir. 2014); *see also Nixon*, 418 U.S. at 700 (the subpoena "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity").

In order for a subpoena to be sufficiently specific, its proponent must show that it "is not intended as a general 'fishing expedition.'" *Nixon*, 418 U.S. at 700. "Subpoenas seeking 'any and all' materials, without mention of 'specific admissible evidence,' justify the inference that the defense is engaging in the type of 'fishing expedition' prohibited by *Nixon*." *United States v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013). To defeat the notion that the subpoena is designed to evade the discovery requirements of the Federal Rules of Criminal Procedure, the party who served the subpoena "must be able to 'reasonably specify the information contained in or believed to be contained in the documents sought' rather than 'merely hop[e] that something useful will turn up.'" *United States v. Louis*, No. 04-CR-203, 2005 WL 180885, at *5 (S.D.N.Y. Jan. 27, 2005) (quoting *United States v. Sawinski*, No. 00-CR-499, 2000 WL 1702032, at *2 (S.D.N.Y. Nov. 14, 2000)). Put simply, a Rule 17(c) subpoena is "not intended to provide a means of discovery for criminal cases." *Nixon*, 418 U.S. at 698 (citing *Bowman Dairy Co. v. United States*, 314 U.S. 214, 220 (1951)). Courts must "be mindful not to allow the Rule 17(c) process to become a broad discovery device that would undermine the discovery procedures set forth in Rule 16." *United States v. Kwok*, No. 23-CR-118-1, 2024 WL 1719364, at *2 (S.D.N.Y. Apr. 22, 2024) (quoting *United States v. Maxwell*, No. 20-CR-330, 2021 WL 1625392, at *1 (S.D.N.Y. Apr. 27, 2021)).

## II. Discussion

The subpoenas here target two categories of materials. First are communications with the USAO, FBI, and other law enforcement agencies. These represent the majority of the subpoena demands, including (a) all demands made of Kasowitz, (b) demands (1)(a)-(e) made of Krieger Lewin, and (c) all demands made of Uribe. (*See* ECF Nos. 395-1, 395-2, 395-3.) The second category of materials demanded are documents "internal" to Krieger Lewin and correspondence between Krieger Lewin and Uribe. This demand is only present in the Krieger Lewin subpoena. (ECF No. 395-2.) The Court will analyze each category separately.

### A. Documents Constituting Communications with the USAO, FBI, and Other Law Enforcement Agencies

This first category of demands do not comply with Rule 17 and the *Nixon* requirements.

First, most demands fail *Nixon*'s specificity requirement. The Kasowitz subpoena demands "[a]ny and all documents and communications" with the USAO, FBI, or any other law enforcement agency regarding this matter. (ECF No. 395-1.) This plainly fails to satisfy the specificity requirement set forth in *Nixon*. *See Nixon*, 418 U.S. at 700; *United States v. Shah*, No. 19-CR-833, 2022 WL 1284550, at *2 (S.D.N.Y. Apr. 29, 2022) ("The request for 'all' such documents and communications without a whiff of specificity as to why [the requestor] requires them is nothing more than an impermissible 'fishing expedition.'"). Menendez has not provided any specificity about the information he believes is contained in the documents or why he is entitled to it. Such broad demands "clearly indicat[e] that Defendant seeks to obtain information helpful to the defense by examining large quantities of documents, rather than to use Rule 17 for its intended purpose—to secure the production for a court proceeding of specific admissible evidence." *Louis*, 2005 WL 180885, at *5.[1] Compliance with such broad demands is "unreasonable or oppressive" under Rule 17(c). Fed. R. Crim. P. 17(c)(2); *see also Louis*, 2005 WL 180885, at *5; *Mendinueta-Ibarro*, 956 F. Supp. 2d at 515. The essentially identical demands in the Krieger Lewin and Uribe subpoenas suffer from the same deficiency.[2]

In addition, each subpoena specifies that it demands "any materials you provided to" and "any materials you received from" the "USAO, the FBI, or any other law enforcement agency in connection with the above-referenced matter." Such materials—if they exist—are almost surely in possession of the government and available through Rule 16. Accordingly, the request for such materials does not comply with *Nixon*'s requirement that the materials must not be otherwise procurable reasonably in advance of trial by the exercise of due diligence. *See Nixon*, 418 U.S. at 699; *Maxwell*, 2021 WL 1625392, at *2 (granting motion to quash Rule 17 subpoena where the "requests target information that reasonably can be expected to be in the hands of the Government"). Moreover, because Uribe is a government witness, any statements by him in possession of the government have already been turned over to Menendez pursuant to 18 U.S.C. § 3500 and the agreement of the parties concerning the timing of the production of 18 U.S.C. § 3500 material. To the extent any of these materials are *not* otherwise discoverable under Rule 16, they are not appropriate subjects for a Rule 17 subpoena. *See United States v. Arias*, 373 F. Supp. 2d 311, 313 (S.D.N.Y. 2005) ("to the extent that [such documents] came from the Government and are *not* discoverable by [defendant] under Rule 16, [he] may not subpoena a co-defendant or related party to make an end-run around the discovery limitations of Rule 16");

---

[1] The only demand for communications with the government that may satisfy *Nixon*'s specificity requirement is the following, which is numbered as (1)(c) in the Krieger Lewin subpoena and (c) in the Uribe subpoena: "Any communications or materials you exchanged with the USAO, the FBI, or any other law enforcement agency in connection with the representation of any form of payment made by Jose Uribe towards the 2019 Mercedes-Benz C300A4, VIN WDDWK8EB7KF873859 registered to Nadine Menendez, as a loan." (ECF Nos. 395-2, 395-3.) This demand is much more specific than the others, as it targets the particular subject matter of the characterization of Uribe's payments as loans. However, even if this request were sufficiently specific, it fails to comply with Rule 17 for the additional reasons set forth in the following paragraph.

[2] In the Krieger Lewin subpoena, these are demands 1(a), 1(b), 1(d), and 1(e). (ECF No. 395-2.) In the Uribe subpoena, these are demands (a), (b), (d), and (e). (ECF No. 395-3.)

*Shah*, 2022 WL 1284550, at *2 ("Rule 16—and not a Rule 17(c) subpoena—is the proper vehicle by which to obtain" "relevant, discoverable information in the government's possession").

Accordingly, the following demands are quashed as failing to comply with Rule 17 and *Nixon*: (1) all demands in the Kasowitz subpoena, (2) demands 1(a)-(e) in the Krieger Lewin subpoena, and (3) all demands in the Uribe subpoena.

### B. Documents Internal to Krieger Lewin and Between Krieger Lewin and Uribe

In addition to communications with the government, the Krieger Lewin subpoena includes a second demand, which reads as follows:

- "Any and all internal memoranda, notes, documents and communications, as well as any correspondence and documents from, to, or with Jose Uribe, regarding the statements by counsel for Mr. Uribe that Nadine Menendez would pay Jose Uribe back for the car payments he made on her behalf, which statements were made during the proffer presentation by the Krieger Lewin law firm on behalf of Mr. Uribe to the U.S. Attorney's Office, Southern District of New York, on or about July 19, 2023." (ECF No. 395-2.)

Movants assert that these documents "are on their face privileged or work product and therefore not discoverable or admissible." (ECF No. 394 at 8.) Relatedly, according to movants, the requirement that Krieger Lewin conduct a privilege review and generate a privilege log for all such documents is unduly oppressive under Fed. R. Crim. P. 17(c)(2). (*Id.*)

Menendez responds to the assertion of privilege with three arguments. First, Menendez contends that "[t]he Court has already ruled that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." (ECF No. 418 at 1.) The Court has ruled that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to certain documents and testimony concerning Nadine Menendez's car loan, but that ruling was limited to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and did not concern ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Second, Menendez urges that "[a]t minimum, Krieger Lewin should be required to produce responsive material to the court for in camera review." (*Id.*) However, analyzing whether ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ involves a two-step process and *in camera* review is the second step of that process. Before *in camera* review, the party asserting the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮'" *United States v. Jacobs*, 117 F.3d 82, 87 (2d Cir. 1997) (quoting *In re John Doe, Inc.*, 13 F.3d 633, 637 (2d Cir. 1994)). Only then does a court proceed to potential *in camera* review of the relevant documents. *Id.*; *see also Zolin*, 491 U.S. at 572. Here, Menendez's single paragraph in his short letter—which does not attach a single exhibit or affirmation—is not sufficient to establish the required "factual basis." *See Richards v. Kallish*, No. 22-CV-9095, 2023 WL 8111831, at *11 (S.D.N.Y. Nov. 22, 2023); *Zolin*, 491 U.S. at 574 ("[B]efore a district court may engage in *in camera* review at the request of the party opposing the privilege, that party **must present evidence** sufficient to support a reasonable belief that *in camera* review may yield evidence that establishes ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.") (emphasis added).

4

Accordingly, *in camera* review is not warranted on the record before the Court as it currently stands.

Third, Menendez claims that Uribe's privilege has already been waived by the disclosure to the government of his discussions with counsel. However, on its face, the demand only requests (a) documents "internal" to Krieger Lewin and (b) documents exchanged between Uribe and Krieger Lewin. Such documents are ordinarily privileged and Menendez does not cite a single case, rule, or statute to substantiate his waiver argument. In addition, Fed. R. Evid. 502(a) sets out specific requirements governing when disclosure of certain information to a federal office (*i.e.*, USAO) constitutes a waiver of other, related information, but Menendez fails to analyze these requirements in his presentation.

Accordingly, in regard to the second demand in the Krieger Lewin subpoena—which is set forth in full above—the record here is simply not sufficient for the Court to determine either that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ or that Uribe waived any privileges. Kasowitz and Krieger Lewin's motion to quash this second demand in the Krieger Lewin subpoena is granted.

### III. Conclusion

In summary, the motion to quash the three subpoenas is granted.

Regarding only the second demand in the Krieger Lewin subpoena, Menendez may, if he so chooses, make a properly supported motion establishing a "factual basis [striking] 'a prudent person' as constituting '▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.'" *Jacobs*, 117 F.3d at 87. At that point, the Court will determine whether a factual basis has been established and whether *in camera* review of the relevant documents is warranted. If he so chooses, Menendez may also make a properly supported motion that Uribe's privilege has been waived.

Dated: New York, New York
       May 31, 2024

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.