UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

FRED DAIBES,

Defendant.

23-Cr-490 (SHS)

MEMORANDUM ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

Defendant Fred Daibes seeks an amendment to the judgment entered against him. (ECF No. 853.) As part of Daibes' sentence, the Court imposed a fine of $1,750,000 to be paid in four equal installments due March 3, 2025, May 1, 2025, July 1, 2025, and September 1, 2025. (ECF No. 735.) Having failed to make the first two payments, Daibes now asks the Court to alter this payment schedule (ECF No. 853), and the government opposes that request. (ECF No. 854.)

On February 10, 2025, Daibes filed a notice of appeal from the judgment against him. (ECF No. 748.) "A notice of appeal 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *United States v. Ransom*, 866 F.2d 574, 575 (2d Cir. 1989) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)); *Berman v. United States*, 302. U.S. 211, 214 (1937) (rule applies in criminal cases). While the district court may correct a clerical error or act in aid of the appeal, the court may not make "substantive modifications of judgments." *Ransom*, 866 F.2d at 575-76.

The pending motion does not seek to correct a clerical error or aid in the appeal. Rather, it asks this Court to amend the judgment at issue in defendant's appeal. The Court thus concludes that it does not have jurisdiction to render a decision on Daibes' motion. *See United States v. Nichols*, 56 F.3d 403, 411 (2d Cir. 1995) ("[A] district court does not have the power to change a sentence to eliminate a term of supervised release [or] alter a restitution order" while an appeal is pending).

Nevertheless, pursuant to Federal Rule of Criminal Procedure 37, the Court may issue an indicative ruling on a motion for relief that is barred by a pending appeal. Specifically, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). Given the amount of assets in defendant's checking account as well as the quantity of vehicles and gold he owns and

his high monthly income, all set forth in his Presentence Investigation Report (ECF No. 629), the Court issues this indicative ruling denying Daibes' motion to amend the judgment.

Dated: New York, New York
May 15, 2025

SO ORDERED:

*Sidney H. Stein*

Sidney H. Stein, U.S.D.J.